IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Case No.　　　4:18-CV-4060
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
(1)  ALEX L. KAHLER,　　　　　　　　)
(2)  JUDITH A. KAHLER,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　)
_____ )

### COMPLAINT TO REDUCE FEDERAL INCOME TAX LIABILITIES AND CIVIL PENALTY LIABILITIES TO JUDGMENT

The United States of America, for its complaint against defendants, alleges as follows:

1.　　　　The United States brings this suit to reduce to judgment: (1) Alex L. Kahler and Judith A. Kahler's unpaid federal income tax liabilities; and (2) Alex L. Kahler and Judith A. Kahler's unpaid 26 U.S.C. § 6672 civil penalty liabilities.

2.　　　　This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States under 26 U.S.C. § 7401.

### JURISDICTION AND VENUE

3.　　　　This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. § 7402(a).

4.　　　　Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Alex L. Kahler and Judith A. Kahler reside within this judicial district, and the federal tax liabilities at issue accrued within this judicial district.

1

## THE PARTIES

5.      Plaintiff is the United States of America.

6.      Defendant Alex L. Kahler is one of the taxpayers against whom the underlying federal tax assessments at issue herein were made. Alex L. Kahler is married to Judith A. Kahler. Alex L. Kahler is named as a party to Counts I, III and V of the Complaint, and he resides within Brookings County, South Dakota.

7.      Defendant Judith A. Kahler is the other taxpayer against whom the underlying federal tax assessments at issue herein were made. Judith A. Kahler is married to Alex L. Kahler. Judith A. Kahler resides within Brookings County, South Dakota, and she is named as a party to Counts II, IV and VI of the Complaint.

### COUNT I
### REDUCE ALEX L. KAHLER'S
### FEDERAL INCOME TAX LIABILITIES TO JUDGMENT

8.      The United States incorporates by reference the allegations set forth in paragraphs 1-7, above, as if set forth herein.

9.      Alex L. Kahler and Judith A. Kahler jointly filed federal income tax returns with the Internal Revenue Service for tax years 2004 through 2008. Alex and Judith Kahler reported owing federal income tax on each return but failed to pay the amounts they reported owed.

10.     On the dates, for the tax years, and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments for income tax, interest and penalties against Alex L. Kahler. The total unpaid balance of Alex L. Kahler's federal income tax liabilities, through May 18, 2018, which includes unassessed interest, statutory additions, credits and payments, is shown below:

| Tax Year | Date Assessment | Tax Assessed | Interest Assessed | Penalties Assessed | Unpaid Balance as of 5/18/2018[1] |
|---|---|---|---|---|---|
| 2004 | Aug. 20, 2007 | $38,459.00 | $6,511.81 | $11,737.54 | $76,876.59 |
| 2005 | Aug. 27, 2007 | $44,521.00 | $1,834.02 | $4,489.50 | $32,635.94 |
| 2006 | Aug. 27, 2007 | $37,710.00 | $240.35 | $429.62 | $15,735.49 |
| 2007 | Aug. 17, 2009 | $63,810.00 | $2,420.73 | $9,887.12 | $64,141.74 |
| 2008 | Sept. 7, 2009 | $34,300.00 | $132.82 | $381.32 | $14,189.00 |
| | | | | **TOTAL** | **$203,578.76** |

11.     The IRS sent Alex L. Kahler notices of the assessments referred to in the table above and made demands for payment to Alex L. Kahler on or about the date of each assessment.

12.     Despite the notices and demands for payment, Alex L. Kahler failed to pay his outstanding federal income tax liabilities in full.

13.     By reason of the foregoing, Alex L. Kahler is indebted to the United States in the total amount of $203,578.76, as of May 18, 2018, for his unpaid federal income tax liabilities for tax years 2004, 2005, 2006, 2007 and 2008. Statutory additions, including interest, have accrued and will continue to accrue on the amounts owed to the United States as allowed by law until the balance is paid in full.

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count I of this complaint in its favor and against Alex L. Kahler in the amount of $203,578.76,

---

[1] Interest and statutory additions continue to accrue until paid.

plus statutory additions that have accrued and will continue to accrue since May 18, 2018, together with such other and further relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

## COUNT II
## REDUCE JUDITH A. KAHLER'S
## FEDERAL INCOME TAX LIABILITIES TO JUDGMENT

14.     The United States incorporates by reference the allegations set forth in paragraphs 1-9, above, as if set forth herein.

15.     On the dates, for the tax years, and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments for income tax, interest and penalties against Judith A. Kahler. The total unpaid balance of Judith A. Kahler's federal income tax liabilities, through May 18, 2018, which includes unassessed interest, statutory additions, credits and payments, is shown below:

| Tax Year | Date Assessment | Tax Assessed | Interest Assessed | Penalties Assessed | Unpaid Balance as of 5/18/2018[2] |
|---|---|---|---|---|---|
| 2004 | Aug. 20, 2007 | $38,459.00 | $6,511.81 | $11,737.54 | $76,876.59 |
| 2005 | Aug. 27, 2007 | $44,521.00 | $1,834.02 | $4,489.50 | $32,635.94 |
| 2006 | Aug. 27, 2007 | $37,710.00 | $240.35 | $429.62 | $15,735.49 |
| 2007 | Aug. 17, 2009 | $63,810.00 | $2,420.73 | $9,887.12 | $64,141.74 |
| 2008 | Sept. 7, 2009 | $34,300.00 | $132.82 | $381.32 | $14,189.00 |
| | | | | **TOTAL** | **$203,578.76** |

---

[2] Interest and statutory additions continue to accrue until paid.

16.     The IRS sent Judith A. Kahler notices of the assessments referred to in the table above and made demands for payment to Judith A. Kahler on or about the date of each assessment.

17.     Despite the notices and demands for payment, Judith A. Kahler failed to pay her outstanding federal income tax liabilities in full.

18.     By reason of the foregoing, Judith A. Kahler is indebted to the United States in the total amount of $203,578.76, as of May 18, 2018, for her unpaid federal income tax liabilities for tax years 2004, 2005, 2006, 2007 and 2008. Statutory additions, including interest, have accrued and will continue to accrue on the amounts owed to the United States as allowed by law until the balance is paid in full.

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count II of this complaint in its favor and against Judith A. Kahler in the amount of $203,578.76, plus statutory additions that have accrued and will continue to accrue since May 18, 2018, together with such other and further relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

### COUNT III
### REDUCE ALEX L. KAHLER'S
### CIVIL PENALTY LIABILITIES, RELATED TO BGS, TO JUDGMENT

19.     The United States incorporates by reference the allegations set forth in paragraphs 1-7, above, as if set forth herein.

20.     Alex L. Kahler and Judith A. Kahler own Biogentic Services, Inc. ("BGS"), a DNA testing company incorporated in South Dakota.

21.     Alex L. Kahler and Judith A. Kahler each own 50 percent of BGS.

22.     As an employer, BGS is required by law to withhold federal income tax and Federal Insurance Contributions Act (FICA) taxes, which include Social Security and Medicare

taxes, from its employees' wages and pay the withheld taxes over to the Internal Revenue Service. The amounts withheld are commonly referred to as "trust fund taxes" because the employee's income and FICA taxes are said to be held in trust by the employer for the United States. See 26 U.S.C. § 7501. The trust fund taxes, along with the employer's own FICA obligations (collectively, "employment taxes"), are reported quarterly on a Form 941 (*i.e.*, Employer's Quarterly Federal Tax Return).

23.     The persons responsible for collecting, accounting for, and paying over trust fund taxes withheld from employees' wages, who willfully fail to do so, are liable for a penalty in the amount of tax withheld but not paid over. See 26 U.S.C. § 6672.

24.     BGS was required to but failed to pay over to the United States federal income and FICA taxes withheld from the wages of its employees for the third quarter of 2006 and the first quarter of 2007.

25.     Alex L. Kahler is the president of BGS. He is a person responsible for collecting, accounting for, or paying over to the United States the trust fund taxes withheld from wages of BGS's employees.

26.     During the tax periods at issue, Alex L. Kahler exercised significant control over BGS and had the responsibility or authority to: (1) determine BGS's financial policy; (2) open and close BGS bank accounts; (3) sign BGS's checks; (4) guarantee BGS's loans; (5) review BGS's payroll; (6) prepare and sign Form 941 tax returns; and (7) hire and fire employees.

27.     Alex L. Kahler willfully failed to collect, truthfully account for, or pay over to the United States all the trust fund taxes withheld from the wages of BGS's employees for the tax periods at issue because:

        (a) Alex L. Kahler knew of the unpaid trust fund taxes; and

        (b) He paid or caused to be paid other creditors of BGS ahead of the United States.

6

28.     On the dates, for the periods, and in the amounts set forth below, a delegate of the Secretary of the Treasury made civil penalty assessments against Alex L. Kahler, pursuant to 26 U.S.C. § 6672. The total unpaid balance of Alex L. Kahler's civil penalty liabilities, through May 21, 2018, which includes unassessed interest, statutory additions, credits and payments, is shown below:

| Tax Periods | Date of Assessment | Tax Assessed | Interest Assessed | Unpaid Balance as of 5/21/2018[3] |
|---|---|---|---|---|
| Sept. 30, 2006 | Feb. 9, 2009 | $12,704.67 | $3,961.84 | $756.73 |
| Mar. 31, 2007 | Feb. 9, 2009 | $12,202.86 | $4,709.03 | $16,931.89 |
| | | | TOTAL | $17,688.62 |

29.     The IRS sent Alex L. Kahler notices of the assessments referred to in paragraph 28, above, and made demands for payment to Alex L. Kahler on or about the date of each assessment.

30.     Despite the notices and demands for payment, Alex L. Kahler failed to pay his outstanding 26 U.S.C. § 6672 civil penalty liabilities in full.

31.     By reason of the foregoing, Alex L. Kahler is indebted to the United States in the total amount of $17,688.62 for the unpaid 26 U.S.C. § 6672 civil penalty liabilities for the tax periods set forth in paragraph 28, above, plus statutory additions that have accrued and will continue to accrue from May 21, 2018.

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count III of this complaint in its favor and against Alex L. Kahler in the amount of $17,688.62, plus statutory additions that have accrued since May 21, 2018 and will continue to accrue as

---

[3] Interest and statutory additions continue to accrue until paid.

allowed by law, together with such other and further relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

**COUNT IV**
**REDUCE JUDITH A. KAHLER'S**
**CIVIL PENALTY LIABILITIES, RELATED TO BGS, TO JUDGMENT**

32.     The United States incorporates by reference the allegations set forth in paragraphs 1-7, 20-24, above, as if set forth herein.

33.     Judith A. Kahler is the Vice President of BGS. She serves as BGS's bookkeeper. Judith A. Kahler is listed as BGS's "Secretary and Treasurer" on filings submitted to South Dakota's Secretary of State.

34.     Judith A. Kahler is a person responsible for collecting, accounting for, or paying over to the United States the trust fund taxes withheld from wages of BGS's employees.

35.     During the tax periods at issue, Judith A. Kahler exercised significant control over BGS and had the responsibility or authority to: (1) direct or authorize payment of bills; (2) open and close BGS bank accounts; (3) sign BGS's checks; (4) guarantee BGS's loans; (5) review BGS's payroll; (6) prepare and sign Form 941 tax returns; and (7) hire and fire employees.

36.     Judith A. Kahler willfully failed to collect, truthfully account for, or pay over to the United States all the trust fund taxes withheld from the wages of BGS's employees for the tax periods at issue because:

    (a) Judith A. Kahler knew of the unpaid trust fund taxes; and

    (b) She paid or caused to be paid other creditors of BGS ahead of the United States.

37.     On the dates, for the periods, and in the amounts set forth below, a delegate of the Secretary of the Treasury made civil penalty assessments against Judith A. Kahler, pursuant to 26 U.S.C § 6672. The total unpaid balance of Judith A. Kahler's civil penalty liabilities, through

May 21, 2018, which includes unassessed interest statutory additions, credits and payments, is shown below:

| Tax Periods | Date of Assessment | Tax Assessed | Interest Assessed | Unpaid Balance as of 5/21/2018[4] |
|---|---|---|---|---|
| Sept. 30, 2006 | Feb. 9, 2009 | $12,704.67 | $3,961.84 | $716.73 |
| | | | | |
| Mar. 31, 2007 | Feb. 9, 2009 | $12,202.86 | $4,709.03 | $16,951.89 |
| | | | | **TOTAL**   **$17,668.62** |

38.     The IRS sent Judith A. Kahler notices of the assessments referred to in paragraph 37, above, and made demands for payment to Judith A. Kahler on or about the date of each assessment.

39.     Despite the notices and demands for payment, Judith A. Kahler failed to pay her outstanding 26 U.S.C. § 6672 civil penalty liabilities in full.

40.     By reason of the foregoing, Judith A. Kahler is indebted to the United States in the total amount of $17,668.62 for the unpaid 26 U.S.C. § 6672 civil penalty liabilities for the tax periods set forth in paragraph 37, above, plus statutory additions that have accrued and will continue to accrue from May 21, 2018.

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count IV of this complaint in its favor and against Judith A. Kahler in the amount of $17,668.62, plus statutory additions that have accrued since May 21, 2018 and will continue to accrue as allowed by law, together with such other and further relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

---

[4] Interest and statutory additions continue to accrue until paid.

**COUNT V**
**REDUCE ALEX L. KAHLER'S**
**CIVIL PENALTY LIABILITIES, RELATED TO IGI, TO JUDGMENT**

41.　The United States incorporates by reference the allegations set forth in paragraphs 1-7, above, as if set forth herein.

42.　Alex L. Kahler and Judith A. Kahler own Identify Genetics, Inc., ("IGI"), a DNA testing company incorporated in South Dakota.

43.　Alex L. Kahler and Judith A. Kahler each own 50 percent of IGI.

44.　As an employer, IGI is required by law to withhold federal income tax and Federal Insurance Contributions Act (FICA) taxes, which include Social Security and Medicare taxes, from its employees' wages and pay the withheld taxes over to the Internal Revenue Service. The amounts withheld are commonly referred to as "trust fund taxes" because the employee's income and FICA taxes are said to be held in trust by the employer for the United States. See 26 U.S.C. § 7501. The trust fund taxes, along with the employer's own FICA obligations (collectively, "employment taxes"), are reported quarterly on a Form 941 (*i.e.*, Employer's Quarterly Federal Tax Return).

45.　The persons responsible for collecting, accounting for, and paying over trust fund taxes withheld from employees' wages, who willfully fail to do so, are liable for a penalty in the amount of tax withheld but not paid over. See 26 U.S.C. § 6672.

46.　IGI was required to but failed to pay over to the United States federal income and FICA taxes withheld from the wages of its employees for the third quarter of 2006 and the first quarter of 2007.

47.     Alex L. Kahler is the president of IGI. He is a person responsible for collecting, accounting for, or paying over to the United States the trust fund taxes withheld from wages of IGI's employees.

48.     During the tax periods at issue, Alex L. Kahler exercised significant control over IGI and had the responsibility or authority to: (1) determine IGI's financial policy; (2) open and close IGI bank accounts; (3) sign IGI's checks; (4) guarantee IGI's loans; (5) review IGI's payroll; (6) prepare and sign Form 941 tax returns; and (7) hire and fire employees.

49.     Alex L. Kahler willfully failed to collect, truthfully account for, or pay over to the United States all the trust fund taxes withheld from the wages of IGI's employees for the tax periods at issue because:

(a) Alex L. Kahler knew of the unpaid trust fund taxes; and

(b) He paid or caused to be paid other creditors of IGI ahead of the United States.

50.     On the dates, for the periods, and in the amounts set forth below, a delegate of the Secretary of the Treasury made civil penalty assessments against Alex L. Kahler, pursuant to 26 U.S.C § 6672. The total unpaid balance of Alex L. Kahler's 26 U.S.C. § 6672 civil penalty liabilities, through May 21, 2018, which includes unassessed interest, statutory additions, credits and payments, is shown below:

| Tax Periods | Date of Tax Assessment | Tax Assessed | Interest Assessed | Unpaid Balance as of 5/21/2018[5] |
|---|---|---|---|---|
| Sept. 30, 2006 | Dec. 10, 2007 | $16,157.27 | $5,567.72 | $419.57 |
| | | | | |
| Mar. 31, 2007 | Apr. 7, 2008 | $23,339.21 | $6,374.23 | $10,335.32 |
| | | | **TOTAL** | **$10,734.89** |

---

[5] Interest and statutory additions continue to accrue until paid.

51.     The IRS sent Alex L. Kahler notices of the assessments referred to in paragraph 49, above, and made demands for payment to Alex L. Kahler on or about the date of each assessment.

52.     Despite the notices and demands for payment, Alex L. Kahler failed to pay his outstanding 26 U.S.C. § 6672 civil penalty liabilities in full.

53.     By reason of the foregoing, Alex L. Kahler is indebted to the United States in the total amount of $10,734.89 for the unpaid 26 U.S.C. § 6672 civil penalty liabilities for the tax periods set forth in paragraph 50, above, plus statutory additions that have accrued and will continue to accrue from May 21, 2018.

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count V of this complaint in its favor and against Alex L. Kahler in the amount of $10,734.89, plus statutory additions that have accrued since May 21, 2018 and will continue to accrue as allowed by law, together with such other and further relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

**COUNT VI**
**REDUCE JUDITH A. KAHLER'S**
**CIVIL PENALTY LIABILITIES, RELATED TO IGI, TO JUDGMENT**

54.     The United States incorporates by reference the allegations set forth in paragraphs 1-7 and 42-46, above, as if set forth herein.

55.     Judith A. Kahler is the Vice President of IGI. She is listed as IGI's "Secretary and Treasurer" on filings submitted to South Dakota's Secretary of State.

56.     Judith is a person responsible for collecting, accounting for, or paying over to the United States the trust fund taxes withheld from wages of IGI's employees.

57.     During the tax periods at issue, Judith A. Kahler exercised significant control over IGI and had the responsibility or authority to: (1) direct or authorize payment of bills; (2) open

and close IGI bank accounts; (3) sign IGI's checks; (4) guarantee IGI's loans; (5) review IGI's payroll; (6) prepare and sign Form 941 tax returns; and (7) hire and fire employees.

58.     Judith A. Kahler willfully failed to collect, truthfully account for, or pay over to the United States all the trust fund taxes withheld from the wages of IGI's employees for the tax periods at issue because:

(a) Judith A. Kahler knew of the unpaid trust fund taxes; and

(b) She paid or caused to be paid other creditors of IGI ahead of the United States.

59.     On the dates, for the periods, and in the amounts set forth below, a delegate of the Secretary of the Treasury made civil penalty assessments against Judith A. Kahler, pursuant to 26 U.S.C § 6672. The total unpaid balance of Judith A. Kahler's civil penalty liabilities, through May 21, 2018, which includes unassessed interest, statutory additions, credits and payments, is shown below:

| Tax Periods | Date of Tax Assessment | Tax Assessed | Interest Assessed | Unpaid Balance as of 5/21/2018[6] |
|---|---|---|---|---|
| Sept. 30, 2006 | Dec. 10, 2007 | $16,157.27 | $5,567.72 | $419.57 |
| Mar. 31, 2007 | Apr. 7, 2008 | $23,339.21 | $6,374.23 | $10,335.32 |
| | | | **TOTAL** | **$10,734.89** |

60.     The IRS sent Judith A. Kahler notices of the assessments referred to in paragraph 58, above, and made demands for payment to Judith A. Kahler on or about the date of each assessment.

61.     Despite the notices and demands for payment, Judith A. Kahler failed to pay her outstanding 26 U.S.C. § 6672 civil penalty liabilities in full.

---

[6] Interest and statutory additions continue to accrue until paid.

62.      By reason of the foregoing, Judith A. Kahler is indebted to the United States in the total amount of $10,734.89 for the unpaid 26 U.S.C. § 6672 civil penalty liabilities for the tax periods set forth in paragraph 59, above, plus statutory additions that have accrued and will continue to accrue from May 21, 2018.

WHEREFORE, the United States respectfully requests that the Court enter judgment on Count VI of this complaint in its favor and against Judith A. Kahler in the amount of $10,734.89, plus statutory additions that have accrued since May 21, 2018 and will continue to accrue as allowed by law, together with such other and further relief as the Court deems just and proper, including awarding the United States its costs and expenses incurred in this suit.

Dated: May 30, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


*/s/ Jordan D. Howlette*
JORDAN D. HOWLETTE
Florida Bar No.: 125031
Trial Attorney, Tax Division
U.S. Department of Justice
 P.O. Box 7238
Washington, D.C.  20044
Telephone: 202-616-3865
Fax: 202-514-6770
Jordan.howlette@usdoj.gov

*Counsel for the United States*